■ PETER GROENENDAAL et al., Respondents, v KHG ASSOCIATES, INC., Appellant, et al., Defendants. [667 NYS2d 956] —In an action, *inter alia*, to recover a down payment for the sale of real property, the defendant KHG Associates, Inc., appeals (1) from a judgment of the Supreme Court, Orange County (Bellantoni, J.), entered October 15, 1996, which, upon an order of the same court dated September 30, 1996, granting the plaintiffs' motion for summary judgment and denying its cross motion for summary judgment, is in favor of the plaintiffs and against it in the principal sum of $75,000, and (2), as limited by its brief, from so much of an order of the same court, dated March 24, 1997, as, upon reargument, adhered to the original determination in the order dated September 30, 1996.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated March 24, 1997, made upon reargument; and it is further,

Ordered that the order dated March 24, 1997, is modified by deleting the provision thereof adhering to so much of the original determination as granted the plaintiffs' motion for summary judgment and substituting therefor a provision denying the plaintiffs' motion for summary judgment; as so modified, the order dated March 24, 1997, is affirmed insofar as appealed from, and the judgment and that portion of the order dated September 30, 1996, which granted the plaintiffs' motion for summary judgment are vacated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff Riverview Heights Associates (hereinafter the buyer) entered into a contract to purchase real property located in Walden, New York, from the defendant KHG Associates, Inc. (hereinafter the seller). The buyer intended to construct a condominium development on the property. The contract, however, required the seller, prior to closing, to obtain final site-plan approval from the Village of Walden Planning Board and "any and all additional municipal and state approvals which may be necessary for the immediate and unconditional issuance of the building permit project". The parties never closed and the seller, declaring the buyer in breach of the contract for failing to close, retained the buyer's down payment. The buyer and its principals commenced this action to recover the down payment, arguing that the seller breached the contract by failing to obtain all of the approvals required by the contract. The court granted the plaintiffs' motion for summary judgment and denied the seller's cross motion for summary judgment. We disagree with the court's granting of the plaintiffs' motion for summary judgment.

Although the plaintiffs presented evidence supporting their position that the seller defaulted in its contractual obligations, the seller presented conflicting evidence refuting the plaintiffs' evidence. Accordingly, there is a question of fact as to whether the seller, prior to declaring the buyer in default, had itself met its contractual obligations. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.